UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL-JOHN PASTOR,**
on behalf of himself and all other persons similarly situated, known and unknown,

    Plaintiff,

vs.

**FELDMAN AUTOMOTIVE, INC.**, a Michigan for-profit company, **MARTY FELDMAN CHEVROLET, INC.**, a Michigan for-profit company, **and JAY FELDMAN**, a corporate officer,

    Defendants.

Case No:
Hon.
Magistrate Judge

_____/

Bryan Yaldou (P70600)
Elaina Bailey (P82461)
LAW OFFICES OF BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
Bryan@yaldoulaw.com
*Attorneys for Plaintiff*
_____/

## **PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Michael-John Pastor ("Plaintiff Pastor"), by and through his attorneys, LAW OFFICES OF BRYAN YALDOU, PLLC, and for his Complaint against Defendant Feldman Automotive, Inc. ("Defendant Feldman

1

Automotive"), Defendant Marty Feldman Chevrolet, Inc. ("Defendant Feldman Chevrolet"), and Defendant Jay Feldman ("Defendant Feldman") (collectively, "Defendants") and hereby alleges the following:

## INTRODUCTORY STATEMENT

1. This is a civil action seeking relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Michigan Workforce Opportunity Act ("WOWA"), MCL § 408.411 *et seq.* Plaintiff is a former employee of Defendants whose rights under these statutes have been violated and he now seeks to recover the benefits due to him from Defendants under the FLSA and the WOWA as a result of Defendants' failure to pay at least one and one-half his regular rate of pay for hours worked over 40 hours in a workweek.

2. Plaintiff seeks a declaration that his rights under the FLSA and the WOWA have been violated, an award of the unpaid wages owed to him, an award of liquidated damages in an amount equal to the unpaid wages owed to him, and an award of reasonable attorneys' fees and costs, as provided for in the FLSA and the WOWA, in order to compensate him for damages suffered and to ensure that future employees will not suffer as a result of such illegal conduct on the part of Defendants in the future.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff Pastor's state-law claims under the WOWA, pursuant to 28 U.S.C. § 1367, because these claims are so related to Plaintiff Pastor's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and § 1391(b), because Plaintiff Pastor worked for Defendants in this District and suffered the damages at issue in this District, Defendants have significant business contacts within this District, and because the actions and events giving rise to Plaintiff Pastor's claims occurred in this District.

## PARTIES

6. Plaintiff Pastor is an adult citizen of the State of Michigan, who resides in this judicial district.

7. Plaintiff Pastor worked for Defendant Feldman Automotive's, Defendant Feldman Chevrolet's, and Defendant Feldman's for-profit business.

8. Defendant Feldman Automotive has significant contacts with this judicial district because it operates or operated car dealerships and automotive service centers in this judicial district.

3

9. Defendant Feldman Chevrolet has significant contacts with this judicial district because it operates or operated car dealerships and automotive service centers in this judicial district.

10. Defendant Feldman is a corporate officer of Defendant Feldman Automotive and Defendant Feldman Chevrolet as he is the President and Registered Agent for each entity.

## STATEMENT OF MATERIAL FACTS

11. Plaintiff Pastor worked for Defendants from June 2018 through August 2018. Exhibit A.

12. Plaintiff Pastor's title with Defendants was Quick Service Manager. Exhibit B.

13. Despite the title of "manager," Plaintiff Pastor did not have perform management tasks as his primary duty.

14. Rather, Plaintiff Pastor spent significantly more than half of his shifts performing routine, manual labor tasks, including oil changes, for Defendants' customers.

15. As seen on his paystubs, Plaintiff Pastor was paid through a combination of salary, flat rate, and bonus pay. Exhibit C.

16. In no week did any bonus consist of 50% or more of his weekly pay. *Id.*

17. Plaintiff Pastor was paid on a biweekly basis. *Id.*

18. While working for Defendants, Plaintiff Pastor worked between 42 hours and 53 hours of overtime hours per pay period. Exhibit A, Exhibit C.

19. Although Plaintiff Pastor regularly worked over 40 hours per week, he was never paid one and one-half his regular rate of pay for hours worked over 40 hours in a workweek. Exhibit C.

20. Defendant Feldman is a corporate officer of all the Defendant Feldman Automotive locations. *See* State of Michigan LARA Business Entity reports, Exhibit D; Feldman Automotive Group Website, *at* https://www.feldmanautomotive.com/ (last accessed Mar. 20, 2019) (relevant web pages attached as Exhibit E).

21. Defendant Feldman is a corporate officer of Defendant Feldman Chevrolet. Exhibit F.

22. There are at least 10 Defendant Feldman Automotive locations. Exhibit E.

23. Defendant Feldman Automotive issued Plaintiff Pastor his letter of employment. Exhibit B.

24. Defendant Feldman Automotive set Plaintiff Pastor's rate of compensation. *Id.*

25. Defendant Feldman Automotive operated the timekeeping system used by Plaintiff Pastor to record the time that he worked for Defendants. Exhibit A.

26. Plaintiff Pastor's paychecks came from Defendant Feldman Chevrolet. Exhibit C.

## FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff Pastor hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

28. Plaintiff Pastor brings the FLSA claim in this action as a collective action (Counts I, III, and V) under 29 U.S.C. § 216(b).

29. Plaintiff Pastor asserts these claims on his own behalf and on behalf of:

> **All current and former hourly employees designated as having a supervisory role at Defendants' service centers at any time during the past three years.**

30. Plaintiff Pastor seeks to notify the above employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action.

31. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255. As alleged above, Plaintiff Pastor and similarly situated current and former employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be sent out to all putative class members in accordance with 29 U.S.C. § 216(b).

32. The identities of the above described employees, as a group, are known only to Defendants. Because the members of this collective action are unknown to Plaintiff Pastor, joinder of each member is not practicable.

33. Plaintiff Pastor asks this Court to require Defendants to furnish him with the employee contact information of other similarly situated employees. The similarly situated employees are readily identifiable by the Defendants and may be located through their records. Plaintiff Pastor asks this Court to require Defendants to provide this information so that the putative class members may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

34. Collective adjudication is appropriate in this case because the employees who Plaintiff Pastor wishes to notify of this action have been employed in similar positions to him; have performed work similar to him; have been subject to the same compensation policies and procedures; and have been subject to compensation practices similar to those which form the basis of her case, including unlawful failure to pay the minimum wage under the FLSA.

### COUNT I
### Defendant Feldman Automotive's Violation of the Overtime Wage Provision of the FLSA

35. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

36. Plaintiff was an "employee" of Defendant Feldman Automotive, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant Feldman Automotive "suffered or permitted" him to work for it.

37. Defendant Feldman Automotive was Plaintiff's "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant Feldman Automotive "suffered or permitted" him to work for it.

38. Defendant Feldman Automotive is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is engaged in processing and handling of goods which moved in interstate commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

39. Defendant Feldman Automotive is a covered employer under the FLSA and is required to comply with the requirements of the FLSA, including the overtime wage provision § 207.

40. Section 207 of the FLSA requires that employers pay their employees at least one and one-half their regular rate of pay for hours worked over 40 hours in a workweek.

41. Plaintiff was not exempt from the overtime wage provision of the FLSA and therefore was entitled to the protections of the statute.

42. Defendant Feldman Automotive has failed to pay Plaintiff at least the one and one-half his regular rate of pay for all hours he worked in excess of 40 hours in a workweek in violation of the FLSA.

43. In addition to compensatory damages for his unpaid wages, Plaintiff is owed liquidated damages in an amount equal to his compensatory damages and his reasonable attorneys' fees and costs, to be paid by the Defendant for its willful failure to pay at least one and one-half his regular rate of pay for all hours worked in excess of 40 hours in a workweek. 29 U.S.C. § 216(b).

## COUNT II
## Defendant Feldman Automotive's Violation of the Overtime Wage Provision of the WOWA

44. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

45. Plaintiff was Defendant Feldman Automotive's "employee" as that term is defined by the WOWA, MCL § 408.412.

46. Defendant Feldman Automotive was Plaintiff's "employer" as that term is defined by the WOWA, MCL § 408.412.

47. Defendant Feldman Automotive knowingly, intentionally, and willfully failed to pay Plaintiff at least one and one-half his regular rate of pay for hours worked in excess of 40 hours in a workweek, in violation of the WOWA, MCL § 408.414(a).

48. As a result of Defendant Feldman Automotive's failure to pay Plaintiff the applicable Michigan overtime wage, Plaintiff is entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal to his compensatory damages, costs of his lawsuit, and his reasonable attorneys' fees pursuant to MCL § 408.419.

## COUNT III
### Defendant Feldman Chevrolet's Violation of the Overtime Wage Provision of the FLSA

49. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

50. Plaintiff was an "employee" of Defendant Feldman Chevrolet, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant "suffered or permitted" him to work for it.

51. Defendant Feldman Chevrolet was Plaintiff's "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant "suffered or permitted" him to work for it.

52. Defendant Feldman Chevrolet is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is engaged in processing and handling of goods which moved in interstate commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

53. Defendant Feldman Chevrolet is a covered employer under the FLSA and is required to comply with the requirements of the FLSA, including the overtime wage provision § 207.

54. Section 207 of the FLSA requires that employers pay their employees at least one and one-half their regular rate of pay for hours worked over 40 hours in a workweek.

55. Plaintiff was not exempt from the overtime wage provision of the FLSA and therefore was entitled to the protections of the statute.

56. Defendant Feldman Chevrolet has failed to pay Plaintiff at least the one and one-half his regular rate of pay for all hours he worked in excess of 40 hours in a workweek in violation of the FLSA.

57. In addition to compensatory damages for his unpaid wages, Plaintiff is owed liquidated damages in an amount equal to his compensatory damages and his reasonable attorneys' fees and costs, to be paid by the Defendant for its willful failure to pay at least one and one-half his regular rate of pay for all hours worked in excess of 40 hours in a workweek. 29 U.S.C. § 216(b).

## COUNT IV
## Defendant Feldman Chevrolet's Violation of the Overtime Wage Provision of the WOWA

58. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

59. Plaintiff was Defendant Feldman Chevrolet's "employee" as that term is defined by the WOWA, MCL § 408.412.

60. Defendant Feldman Chevrolet was Plaintiff's "employer" as that term is defined by the WOWA, MCL § 408.412.

61. Defendant Feldman Chevrolet knowingly, intentionally, and willfully failed to pay Plaintiff at least one and one-half his regular rate of pay for hours worked in excess of 40 hours in a workweek, in violation of the WOWA, MCL § 408.414(a).

62. As a result of Defendant Feldman Chevrolet's failure to pay Plaintiff the applicable Michigan overtime wage, Plaintiff is entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal to his compensatory damages, costs of his lawsuit, and his reasonable attorneys' fees pursuant to MCL § 408.419.

## COUNT V
## Defendant Feldman's Violation of the Overtime Wage Provision of the FLSA

63. Plaintiff hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

64. Plaintiff was an "employee" of Defendant Feldman, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant Feldman "suffered or permitted" Plaintiff to work for him.

65. Defendant Feldman was an employer of Plaintiff under 29 U.S.C. 203(e) because he "suffered or permitted" Plaintiff to work for him.

66. Defendant Feldman is the President of Defendant Feldman Automotive which employed Plaintiff.

67. Defendant Feldman is the President of Defendant Feldman Chevrolet which employed Plaintiff.

68. Defendant Feldman has operational control of Defendant Feldman Automotive.

69. Defendant Feldman has operational control of Defendant Feldman Chevrolet.

70. As an employer of Plaintiff and putative collective action members, Defendant Feldman is required to comply with the requirements of the FLSA.

71. The overtime wage provision of FLSA, 29 U.S.C. § 207, requires employers to pay an overtime premium of one and one-half times an employee's regular rate for every hour worked over 40 hours in a workweek.

72. Defendant Feldman did not pay Plaintiff at least one and one-half his regular rate of pay for all hours worked over 40 hours in a workweek in violation of the FLSA.

73. Defendant Feldman willfully failed to comply with the overtime wage provision of the FLSA.

74. In addition to compensatory damages for the required overtime wage premium, Plaintiff is owed liquidated damages in an amount equal to his compensatory damages and his reasonable attorneys' fees and costs to be paid by Defendant Feldman for his willful failure to pay at least the overtime wage premium for all overtime hours worked by Plaintiff. 29 U.S.C. § 216(b).

75. Under the theory of Corporate Officer Liability adopted by this circuit in *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), Defendant Feldman is jointly and severally liable for the violations of the FLSA.

## COUNT VI
## Defendant Feldman's Violation of the Overtime Wage Provision of the WOWA

76. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

77. Plaintiff was Defendant Feldman's "employee" as that term is defined by the WOWA, MCL § 408.412.

78. Defendant Feldman was Plaintiff's "employer" as that term is defined by the WOWA, MCL § 408.412.

79. Defendant Feldman knowingly, intentionally, and willfully failed to pay Plaintiff at least one and one-half his regular rate of pay for hours worked in excess of 40 hours in a workweek, in violation of the WOWA, MCL § 408.414(a).

80. As a result of Defendant Feldman's failure to pay Plaintiff the applicable Michigan overtime wage, Plaintiff is entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal to his compensatory damages, costs of his lawsuit, and his reasonable attorneys' fees pursuant to MCL § 408.419.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

A. The actions of Defendants complained of herein be adjudicated, decreed, and declared a violation of Defendants' obligations under the FLSA and the WOWA;

B. Find that Defendants willfully violated the FLSA and the WOWA, and enter judgment in Plaintiff's favor and accordingly against Defendants;

C. Award any compensatory damages due to Plaintiff for any unpaid wages according to the applicable statutes of limitations, pursuant to the FLSA and the WOWA;

D. Award liquidated damages to Plaintiff equal to the amount of unpaid back wages, pursuant to the FLSA and the WOWA;

E. Award prejudgment interest with respect to the total amount of unpaid compensation to the extent permitted by applicable law;

F.  Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendants due to its above-described improper conduct;

G.  Award reasonable attorneys' fees and costs to Plaintiff's counsel as allowed by applicable law and statute; and

H.  Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

NOW COME Plaintiff Michael-John Pastor, by and through his attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, on behalf of himself and others similarly situated, and hereby demands a trial by jury of the above entitled matter.

Respectfully Submitted,

/s/ Bryan Yaldou
Bryan Yaldou (P70600)
Elaina S. Bailey (P82461)
Law Offices of Bryan Yaldou, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

Dated: April 1, 2019